UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAMIEN REID,

        Petitioner,

v.

RANDEE REWERTS,

        Respondent.
_____/

Case No. 1:18-cv-636

Honorable Gordon J. Quist

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The matter presently is before the Court on Petitioner's motion to stay the petition (ECF No. 9) and hold it in abeyance pending the exhaustion of a new claim not raised in his original petition. For the reasons that follow, the Court will deny the motion.

## **Discussion**

### I.    **Factual allegations**

Petitioner, Damien Reid, presently is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Following a bench trial in the Ingham County Circuit Court, Petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a concealed weapon, Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On August 13, 2014, the court sentenced Petitioner as a fourth-offense felony offender, Mich. Comp. Laws § 769.12, to prison terms of 27 years to 39 years and 11

months on the assault-with-intent-to-murder conviction and 5 years to 8 years and 4 months on the carrying-concealed and felon-in-possession convictions, all to run consecutively to a sentence of 2 years on the felony-firearm conviction.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals and the Michigan Supreme Court, raising the following four issues:

> I. [PETITIONER] WAS DENIED DUE PROCESS AND A FAIR TRIAL WHERE THE PROSECUTOR'S WITNESSES WERE ALLOWED TO INVADE THE FACT FINDING PROVINCE OF THE JURY.
>
> II. [PETITIONER] WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BEFORE AN IMPARTIAL JURY.
>
> III. [PETITIONER] IS ENTITLED TO A NEW TRIAL AS HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
>
> IV. [PETITIONER] IS ENTITLED TO BE REMANDED FOR A CROSBY PROCEDURE AND POSSIBLE RE-SENTENCING BECAUSE THE FACTS IN SUPPORT OF SOME OF HIS OFFENSE VARIABLE SCORES WERE NOT FOUND BY THE JURY TO BE PROVEN BEYOND A REASONABLE DOUBT, HE WAS SENTENCED PRIOR TO JULY 29, 2015, AND THE SIXTH AMENDMENT VIOLATION ALTERED THE GUIDELINE RANGE.

(Pet'r's Br. on Appeal, ECF No. 1-1, PageID.19.) In an unpublished opinion issued on September 13, 2016, the court of appeals affirmed the convictions, but remanded the case for consideration of whether resentencing was proper under *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). The Michigan Supreme Court denied leave to appeal on April 4, 2017. On remand, the trial court declined to resentence Petitioner, holding that it would have imposed the same sentence, even if the guidelines had been advisory rather than mandatory.

On May 4, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that

date. Petitioner signed his application on May 4, 2018. (Pet., ECF No. 1, PageID.14.) The petition was received by the Court on June 7, 2018. The Petitioner is given the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner's original petition raises the same four grounds presented in his habeas petition. (Pet., ECF No. 1, PageID.19.) Petitioner, however, has since filed a motion to stay the petition. His motion indicates that he has hired a private investigator to fully investigate his belief that the prosecutor threatened witness Dushawn Lee in order to compel Lee's testimony against Petitioner. Petitioner asserts that he intends to raise at least one new ground for relief based on newly discovered evidence arising out of that investigation. Petitioner wishes to stay the petition in order to file a motion for relief from judgment in the Ingham County Circuit Court.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d

3

480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to allegations in the petition and the attachments, Petitioner fully exhausted his four listed grounds for relief at all levels of the state court. Petitioner acknowledges, however, that he has not exhausted the new ground he wishes to add to his petition.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Construing the petition and the motion to stay together, Petitioner's habeas application, as he proposes to amend it, is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522

4

(1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit has adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1) establishing a one-year limitations period from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 4, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 3, 2017. Accordingly, absent tolling, Petitioner would have had one year, or until July 3, 2018**,** to file his habeas petition. Petitioner filed the

5

instant petition on May 4, 2018, 60 days before the limitations period expired. Petitioner, however, did not file his motion to stay or otherwise attempt to raise his new claim until on or about August 6, 2018, more than a month after his period of limitations expired.

The one-year statute of limitations applies to each claim in a habeas application, as opposed to the application as a whole. *See Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007); *see also Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012). A petitioner has no right to amend his petition after the statute of limitations has run unless the proposed amendment relates back to the date of the original pleading. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *Mayle v. Felix*, 545 U.S. 644, 661 (2005)). Moreover, "an overly broad application of the relation-back doctrine would contravene Congress's intent in enacting AEDPA 'to advance the finality of criminal convictions.'" *Hill v. Mitchell*, 842 F.3d 919, 922-26 (6th Cir. 2016) (quoting *Mayle*, 545 U.S. at 661 (2005)). Petitioner's proposed new claim is wholly unrelated to any of his four timely filed claims. As a consequence, any motion to amend his petition to include the new claim would be time-barred under 28 U.S.C. § 2244(d)(1)(A).

Further, even if Petitioner's proposed new claim related back, he fails to demonstrate, in his motion to stay the proceedings or in his memorandum in support of that motion, that he is entitled to a stay within the meaning of *Rhines*, 544 U.S. at 269. Under *Rhines*, to demonstrate entitlement to a stay, a petitioner must show the following: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. Petitioner does not specify the basis for his witness-coercion claim, so it is impossible for this Court to determine whether it is plainly meritless. He also fails to allege facts suggesting good cause for his failure to exhaust before filing his petition. Further, Petitioner

6

alleges no facts demonstrating that he has not engaged in intentionally dilatory litigation practices. Indeed, although Petitioner suggests that he has only recently hired a private investigator to develop the facts surrounding his claim that witness Lee was coerced, Petitioner fails to allege when he became aware that Lee was coerced, regardless of whether Petitioner had all of the evidence to support his claim.

For all these reasons, Petitioner is not entitled to a stay of these proceedings while he returns to state court to exhaust his proposed new claim. Accordingly, his motion to stay will be denied.

## **Conclusion**

Having reviewed Petitioner's motion to stay the petition (ECF No. 9) while he exhausts proposed new habeas grounds will be denied. An order consistent with this opinion will issue.

Dated: September 10, 2018  /s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE