UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN REID #467962,

     Petitioner,

v.                                           Case No. 1:18-CV-636

RANDEE REWERTS,                     HON. GORDON J. QUIST

     Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

Petitioner, Damien Reid, has filed a habeas petition pursuant to 28 U.S.C. § 2254.  The matter was referred to U.S. Magistrate Judge Ray Kent, who issued a Report and Recommendation (R & R), recommending that the Court deny Reid's petition, deny a certificate of appealability, and not certify that an appeal would not be taken in good faith.  (ECF No. 17.)  Reid has filed objections to the R & R.  (ECF Nos. 18 and 20.)  Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Reid makes four objections. He first objects to the magistrate judge's recommendation that he is not entitled to habeas relief on his invading the province of the jury claim. Reid argues that Detective Hogan identifying him in a surveillance video at trial violated his right to a fair trial.  On

appeal, the Michigan Court of Appeals agreed with Reid that the identification testimony was improper under state law because Detective Hogan did not have prior knowledge of Reid. However, the court also held that the error was harmless because the testimony was cumulative of three other witnesses who identified Reid as the individual in the video.

Reid has not shown that the state court's decision violated his right to due process and/or right to a fair trial. Nor has Reid addressed the factual determinations made by the state court. His argument that jurors are more inclined to accept the testimony of a police officer is without merit because one of the other witnesses who identified Reid in the security video was also a police officer. As the magistrate judge adequately explained: "Because Petitioner has failed to show that the appellate court's factual determinations were unreasonable on the record or that the appellate court's determination of harmlessness is contrary to, or an unreasonable application of, clearly established federal law, Petitioner is not entitled to habeas relief based on the admission of Detective Hogan's identification testimony." (ECF No. 17 at PageID.946.)

Reid also argues that the magistrate judge erred in finding that his juror partiality claim was barred by procedural default. It is undisputed that Reid procedurally defaulted this claim in state court. At trial, Reid failed to object to two jurors who knew two different witnesses. Reid contends that the procedural default should be excused because he received ineffective assistance of counsel. The magistrate judge sufficiently addressed this issue in the R & R. In addition to finding that Reid's trial attorney had a strategic reason to not object to one of the jurors, the magistrate judge determined Reid had not shown any prejudice because (1) the witnesses that the jurors knew did not offer testimony of direct significance, and (2) the jurors swore that they could set aside any opinion they may have had and decide the case on the evidence. Reid does not

address either of these determinations in his objections.  The Court agrees with the magistrate judge that Reid has failed to show cause and prejudice to excuse the procedural default.

Reid next argues that the magistrate judge erred in his discussion of the ineffective assistance of counsel claims.  The magistrate judge noted that Reid reasserted the same ineffective assistance of counsel allegations that he made in the state courts.  As explained by the magistrate judge, Reid has "never supported his claims beyond providing the list."  (ECF No. 17 at PageID.957.)  Reid complains that the magistrate judge did not construe his argument liberally and instead, held him "to the strict standard of an attorney."  (ECF No. 18 at PageID.968.)  Even construing Reid's arguments liberally, he has not provided any support for the many alleged errors committed by his attorney. More importantly, Reid has still not addressed the state court's resolution of his ineffective assistance of counsel claims.  Accordingly, Reid has not shown that he is entitled to habeas relief on his ineffective assistance of counsel claims.

Reid's final objection is related to his sentencing.  Reid argues that he has "shown that the sentencing state court judge violated [Reid's] right by enhancing his sentence based upon facts never determined by the jury." (ECF No. 18 at PageID.969.)  Reid has not offered any meaningful argument on this issue.  In support of his Petition, Reid attached the appellate brief in which he requested a full re-sentencing in light of *Alleyne v. United States*, 570 U.S. 99, 103 (2013), and *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015).  The Michigan Court of Appeals remanded Reid's sentence to the trial court for it to determine whether it would impose the same sentence now that the guidelines were no longer mandatory.  The trial court denied a full re-sentencing because the "it would not have imposed a materially different sentence if the guidelines had been merely advisory and not mandatory."  (ECF No. 16-21 at PageID.931.)  The Sixth Circuit has denied habeas relief where the state court utilizes this procedure because no

clearly established federal law prohibits it. *Reign v. Gidley*, 929 F.3d 777, 783 (6th Cir. 2019). Reid has not shown that the state court's decision was an unreasonable application or contrary to clearly established federal law. Accordingly, Reid is not entitled to relief on this claim.

Finally, pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Reid has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Reid's claim, including his objection, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Reid's claim was debatable or wrong. Thus, the Court will deny Reid a certificate of appealability.

Accordingly, having reviewed Reid's objections and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 17) is adopted as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Reid's habeas corpus petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** by this Court.

4

A separate judgment will enter.

This case is **concluded**.

Dated: January 25, 2021

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE